UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLINE CURRY, | ) | |
| | ) | Case No. 1:05-CV-03000 |
| Plaintiff, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | |
| MARTIN BERGER, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before this court are a number of motions: (1) defendants Martin Berger ("Berger") and Technosystems Consolidated Corporation's ("Techno") motion to dismiss [Docket No. 7]; (2) defendant Douglas Mackenzie's ("Mackenzie") motion to dismiss [Docket No. 11]; (3) *pro se* plaintiff Carline Curry's ("Curry") motion for various relief [Docket No. 14]; and (4) Curry's motion for patent processing [Docket No. 15]. For the following reasons, the court grants Berger and Techno's motion to dismiss, grants in part and denies in part Mackenzie's motion to dismiss, and denies both of Curry's motions. The claims against Berger, Techno, and Invention Submission Corporation ("ISC"), which shall be substituted for Berger in all captions, are dismissed, and those parties are dismissed from this action.

**I.      Background**

In her complaint, Curry alleges that she submitted an idea for a patent to Berger and ISC in 1995, and has attempted to get that idea patented over the past ten years, with Mackenzie retained by ISC to process Curry's patent application. Curry alleges that she paid ISC $9,000 to process her application. Curry alleges that numerous other products, similar to her idea, have been sold using technology similar to her patent, and that the defendants were negligent in failing to process her patent application in a

timely fashion.  However, all of Curry's allegations focus on the conduct of ISC and Mackenzie.  None of the actual acts complained of were committed by Berger personally or by Techno.  The claim brought against Techno is basely solely on the fact that Techno is ISC's parent corporation.

**II.  Discussion**

In analyzing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (quoting *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).  The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief."  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citations omitted).

Because this case has been brought in Ohio, the court applies Ohio personal jurisdiction law. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996).  In any case, the defendant's contacts must have been either continuous and systematic with respect to Ohio to support general personal jurisdiction, or the lawsuit must have arisen out of the defendant's contacts with Ohio. *Id.* (citations omitted).  As it is clear from the pleadings that no claim is stated against Berger personally, and that Berger has not performed any actions or initiated any contacts with Ohio that would result in either general or specific personal jurisdiction, the court orders that Berger be dismissed from this action entirely for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2).  However, because Curry alleges conduct by the company of which Berger is president, ISC, the court orders that ISC be substituted as defendant in his place.  As it is also clear from the pleadings that Techno has not performed any actions

or initiated any contacts with Ohio that would result in either general or specific personal jurisdiction, the court orders that Techno also be dismissed from this action entirely for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2).

Under Ohio law, negligent breach of contract can support a cause of action sounding in negligence. *Hunsicker v. Buckeye Union Cas. Co.*, 118 N.E.2d 922, 924, 95 Ohio App. 241, 244 (1953). However, if it is apparent from the face of the complaint that the claim is time-barred, the court must dismiss the claim. *Hoover v. Langston Equip. Assoc.*, 958 F.2d 742, 744 (6th Cir. 1992). For that reason, the court dismisses Curry's negligence claim against ISC as time-barred. Under Ohio law, a four-year statute of limitation applies to general negligence claims. OHIO REV. CODE ANN. § 2305.09(D). Given Curry's allegations of ISC's misconduct, it is clear from the face of her pleadings that her negligence claim accrued, and that she knew her negligence claim accrued, before December 30, 2001. Therefore, the court dismisses the claim against ISC for failure to state a claim upon which relief may be granted, under FED. R. CIV. P. 12(b)(6).

The only remaining claim is against Mackenzie, for alleged legal malpractice for his alleged negligent failure to timely process her patent application. Under Ohio law, the statute of limitations for legal malpractice actions is one year after "either when the client discovers or, in the exercise of reasonable diligence should have discovered, the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Omni-Food & Fashion, Inc. v. Smith*, 528 N.E.2d 941, 944, 38 Ohio St.3d 385, 388 (1988) (citing Ohio Rev. Code Ann. § 2305.11(A)). In this case, it is not clear from the face of the pleadings when the attorney-client relationship between Curry and Mackenzie ended. While Curry's claim depends on both the existence of such a relationship, and the termination of that relationship after December 30, 2004, the pleadings before the court do not permit dismissal of Curry's claim against Mackenzie at this time

on statute of limitations grounds. Nor can the court dismiss Curry's claim against Mackenzie at this time for failure to otherwise state a claim.

However, the court grants Mackenzie's motion to strike Curry's request for punitive damages. Curry's allegations, even taken liberally, do not establish an "independent tort involving fraud, malice or oppression." *Mabry-Wright v. Zlotnik*, 844 N.E.2d 858, 862, 165 Ohio App.3d 1, 7 (2005) (citation omitted). Therefore, no punitive damages are available for Curry's negligence claim, and the request for that relief must be stricken.

Finally, the court denies both of Curry's motions. Curry's motion seeking an injunction from this court ordering Mackenzie to process her patent application must be denied as it is beyond the scope of the claims in her complaint, and her request is not supported by evidence or case law. Her motion seeking various other forms of relief is also denied, as it effectively seeks summary judgment without presenting any evidence in support.

### III.  Conclusion

For the foregoing reasons, the court grants Berger and Techno's motion to dismiss [Docket No. 7] and grants in part and denies in part Mackenzie's motion to dismiss [Docket No. 11]. Curry's motions for relief [Docket Nos. 14, 15] are denied. The claims against Berger, Techno, and Invention Submission Corporation ("ISC"), which shall be substituted for Berger in all captions, are dismissed, and those parties are dismissed from this action. Curry's request for punitive damages shall also be stricken. A case management conference for this matter, to be attended by Curry and counsel for Mackenzie, shall be held at 2:00 p.m. on December 8, 2006 at the Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Suite 17B, Cleveland, Ohio 44113.

IT IS SO ORDERED.

   /s/Ann Aldrich  
ANN ALDRICH  
UNITED STATES DISTRICT JUDGE

**Dated: November 02, 2007**