UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLINE CURRY, ) | |
| ) | Case No. 1:05-CV-03000 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| INVENTION SUBMISSION ) | |
| CORPORATION, et al., ) | |
| ) | MEMORANDUM AND ORDER |
| Defendants. ) | |
| ) | |

On November 2, 2006, the court filed a memorandum and order [Docket No. 16] dismissing all claims by plaintiff Carline Curry ("Curry") against defendants Martin Berger ("Berger") and Technosystems Consolidated Corporation's ("Techno") for lack of personal jurisdiction, dismissing all claims by Curry against defendant Invention Submission Corporation ("ISC") because they are time-barred, striking the punitive damages prayer against defendant Douglas MacKenzie's ("MacKenzie") because Curry had made no allegations of fraud, malice or oppression, and deny Curry's request for summary judgment and other relief as premature.

Curry then filed the instant motion [Docket No. 22], seeking various forms of relief. First, she appears to request reconsideration of the dismissal of Berger, Techno and ISC from this action, as well as the striking of her punitive damages prayer against MacKenzie. However, even under the liberal construction the court gives to *pro se* pleadings, Curry does not point to any error in the court's November 2006 memorandum and order, much less errors that would require the court to reconsider its rulings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Curry does not argue or allege any facts that would establish personal jurisdiction over either Berger or Techno. Nor does Curry argue or allege any facts that would toll the statute of limitations on her claims

against ISC. Finally, Curry does not argue or allege any facts that enable her to recover punitive damages against MacKenzie. For those reasons, the court denies Curry's motion insofar as it seeks reconsideration of the November 2006 memorandum and order.

Curry also seeks an order from the court that MacKenzie appear personally, with counsel. As there is no pending motion or other reason for the court to order MacKenzie's personal appearance, the court denies Curry's motion in that respect. Curry also, again, seeks summary judgment on her claims without submitting any evidence establishing her relationship with MacKenzie, his liability, or the damages to Curry. For that reason, the court again denies Curry's motion; she may file a motion for summary judgment after the close of discovery, but not before. Finally, Curry seeks a continuance. Because Curry does not specify the type of continuance sought, or the reason one is necessary, the court denies that request as well.

For the foregoing reasons, the court denies Curry's motion for various relief [Docket No. 22] in its entirety. The deadlines set in the case management order remain in effect.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: February 20, 2007**