UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLINE CURRY, ) | |
| ) | Case No. 1:05-CV-03000 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| INVENTION SUBMISSION ) | |
| CORPORATION, et al., ) | |
| ) | MEMORANDUM AND ORDER |
| Defendants. ) | |
| ) | |

Before the court is defendant Law Offices of Douglas MacKenzie's ("MacKenzie") motion to dismiss [Docket No. 39] plaintiff Carline Curry's ("Curry") sole remaining claim, the legal malpractice claim against MacKenzie. The court warned Curry in its May 24, 2007 order [Docket No. 32] that failure to timely produce an expert report by June 22, 2007 would be grounds for sanctions1 by the court under Federal Rule of Civil Procedure 37(b)(2), up to and including dismissal of her remaining claim with prejudice. Ohio law requires expert testimony to establish professional standards of performance, a necessary element of Curry's claim. *McInnis v. Hyatt Legal Clinics*, 461 N.E.2d 1295, 1297 (Ohio 1984). Curry has failed to produce the required expert report.

The court therefore considers four factors in determining whether to dismiss Curry's complaint: (1) whether Curry's failure to produce the required expert report was due to willfulness, bad faith or fault; (2) whether MacKenzie is prejudiced by the failure to produce the expert report; (3) whether Curry was warned that failure to produce the expert report could lead to dismissal; and (4) whether less drastic sanctions were considered before dismissal was ordered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (citation omitted). On the first factor, it is clear that Curry's failure to produce the expert report is willful. The court explicitly advised Curry that such an expert report would be

required in its May 24, 2007 order, and Curry did not produce such a report.  On the second factor, it is also clear that MacKenzie is prejudiced by Curry's failure to do so, in both the time and cost of defending against Curry's complaint.  Third, the court did warn Curry that dismissal was a potential sanction in its May 24, 2007 order.  Finally, the court has considered other, less drastic sanctions such as ordering Curry to pay MacKenzie's costs, barring Curry from presenting evidence, or taking certain facts as established in MacKenzie's favor.  However, the sanction proportional to Curry's disregard of the court's order is to bar presentation of any expert report; such a result would be an effective dismissal of Curry's claim due to the requirements of Ohio law.

Therefore, instead of forcing MacKenzie to file another motion to dismiss after barring Curry from presenting expert testimony, the court instead grants MacKenzie's motion to dismiss [Docket No. 39] and dismisses Curry's sole remaining claim, against MacKenzie for legal malpractice, with prejudice.  The case is dismissed, with prejudice.  This order is final and appealable.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　 */s/Ann Aldrich*  
　　　　　　　　　　　　　　　　　　　　　　　　ANN ALDRICH  
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**Dated: August 16, 2007**